UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**SANDY PINES, LLC,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26- 20038 |

**INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) AUTHORIZING DEBTOR TO PAY PREPETITION MERCHANT PROCESSING FEES; (IV) AUTHORIZING DEBTOR TO MAINTAIN CUSTOMER REFUND POLICY; AND <u>(V) GRANTING RELATED RELIEF</u>**

This matter is before this Court on the *Motion of Debtor for Entry of an Order: (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Authorizing Debtor to Pay Prepetition Merchant Processing Fees; (IV) Authorizing Debtor to Maintain Customer Refund Policy; and (V) Granting Related Relief* [Dkt. No. ___] (the "**Motion**") filed by the Debtor;[2] and due and sufficient notice under the circumstances of the Motion and the hearing on the Motion having been provided by the Debtor; and upon consideration of the Motion, and the record at the hearing; and it appearing that approval of the Interim Order is fair and reasonable and in the best interests of the Debtor, its estate, and all parties in interest, and is essential for the continued preservation of the Debtor's assets; and after due deliberation and consideration and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND**:

A.   On the Petition Date, the Debtor commenced its chapter 11 case in the Bankruptcy

---

[1] The last four digits of Sandy Pines, LLC's federal taxpayer identification number are 6331, and its principal place of business is 2 Livewell Drive, Suite 201, Kennebunk, ME 04043.

[2] Capitalized terms used, but not defined in this Interim Order, shall have the meaning ascribed to such terms in the Motion.

1

Court.

B.  The Debtor is continuing to manage its assets and operate its business as debtor-in-possession.

C.  No request for the appointment of an operating trustee or examiner has been made in this case.

D.  The Bankruptcy Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.  The Debtor has an immediate need (i) to use Cash Collateral to have adequate liquidity to provide for, among other things, the orderly continuation of its business, to maintain business relationships, and to preserve the value of the Debtor's assets, (ii) to pay and satisfy the payment processing fees as set forth in the Motion, and (iii) to maintain and administer the Refund Policy and to honor any prepetition obligations arising from or related thereto, in each case in the ordinary course of business and in a manner consistent with past practices.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.  The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2.  The Debtor is authorized to use Cash Collateral in accordance with and to the extent set forth in the budget attached hereto as **Exhibit A** (the "**Budget**") on an interim basis, with recognition and allowance that the timing of revenue and expenses may be different than as projected in the Budget.  The Debtor's use of Cash Collateral pursuant to this Interim Order shall be limited to 125 percent (125%) of the aggregate expenditures as set forth in the Budget.

3.  On or before Thursday of each week, the Debtor shall provide to the Prepetition Lienholders (or their counsel) and the U.S. Trustee a comparison of actual to projected

performance under the Budget for the prior week.

4. As adequate protection for the Debtor's use of Cash Collateral, and pursuant to Bankruptcy Code §§ 361, 363(c)(2), and 363(e), the Prepetition Lienholders shall be granted, solely to the extent of any diminution in the value of the Prepetition Lienholders' interests in Cash Collateral of the Debtor from and after the Petition Date (such diminution in value after the Petition Date, the "**Adequate Protection Obligations**"), liens on all assets of the Debtor and its estate (other than the proceeds of any avoidance actions), which shall exist in the same order of priority that existed as of the Petition Date with the Prepetition Lienholders (the "**Adequate Protection Liens**").  In addition to the Adequate Protection Liens, pursuant to and solely to the extent set forth in § 552 of the Bankruptcy Code, the Prepetition Lienholders shall continue to hold liens, rights as assignee, and/or security interests in any and all property of the Debtor to the same extent and validity, and in the same priority, as the Prepetition Lienholders held liens, rights as assignee, and/or security interests in the Debtor's assets at the Petition Date (the "**Continuing Liens**").

5. The Adequate Protection Liens and Continuing Liens shall be valid, binding, enforceable, and fully perfected without the necessity of the execution, filing, or recording of security agreements, financing statements, or other agreements.

6. To the extent the Adequate Protection Liens and Continuing Liens are insufficient to cover the Adequate Protection Obligations in their entirety, the remaining, unsatisfied Adequate Protection Obligations due to the Prepetition Lienholders shall constitute allowed administrative claims against the Debtor to the extent provided by § 507(b) of the Bankruptcy Code.

7. The Debtor is authorized to pay all prepetition payment processing and merchant service fees in the ordinary course, including any such fees that may constitute prepetition

obligations, in each case in the ordinary course of business and in a manner consistent with past practices.

8. The Debtor is authorized to maintain and administer the Refund Policy and to honor any prepetition obligations related thereto, in each case in the ordinary course of business and in a manner consistent with past practices.

9. The terms and conditions of this Interim Order shall be effective and immediately enforceable upon its entry on the docket.

10. A final hearing on the Motion shall take place before this Court on _____ __, 2026, at __:___ __.m.

11. The Debtor shall file and serve a proposed Final Order and revised Budget, as needed, **on or before** _____, 2026.

12. Objections, if any, to the relief requested in the Motion being granted on a final basis shall be filed with this Court and served upon proposed counsel for the Debtor, the U.S. Trustee, and on all parties appearing in the case, **on or before** _____, 2026.

13. This Interim Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable effective immediately.

Date: _____            _____

                                                          United States Bankruptcy Judge
                                                          District of Maine

**Exhibit A**
**Interim Budget**

| Week Ending | Projected 2/22/2026 | Projected 3/1/2026 | Projected 3/8/2026 | Projected 3/15/2026 | Projected 3/22/2026 | Projected 3/29/2026 | Projected 4/5/2026 | Projected 4/12/2026 | Projected 4/19/2026 | Projected 4/26/2026 | Projected 5/3/2026 | Projected 5/10/2026 | Projected 5/17/2026 | Projected Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Cash Receipts (A)** | **30,000.00** | **30,000.00** | **34,275.00** | **34,275.00** | **34,275.00** | **34,275.00** | **49,265.00** | **49,265.00** | **49,265.00** | **49,265.00** | **43,190.00** | **43,190.00** | **43,190.00** | **523,730.00** |
| Disbursements: | | | | | | | | | | | | | | |
| Payroll (B) | | | | | | | | | | | | | | |
| Salary & Wages | - | - | - | 1,442.31 | 1,442.31 | 1,442.31 | 3,173.08 | 3,173.08 | 3,173.08 | 3,173.08 | 6,834.55 | 11,716.51 | 11,716.51 | 47,286.81 |
| Employer - Payroll Taxes | - | - | - | 158.65 | 158.65 | 158.65 | 349.04 | 349.04 | 349.04 | 349.04 | 751.80 | 1,288.82 | 1,288.82 | 5,201.55 |
| Employer - 401K | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Employer - United Health Care | - | - | - | 90.00 | 90.00 | 90.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 1,530.00 |
| Worker's Comp - MEMIC | - | - | - | 18.03 | 18.03 | 18.03 | 39.66 | 39.66 | 39.66 | 39.66 | 85.43 | 146.46 | 146.46 | 591.09 |
| Payroll Processing Fees - Paylocity | - | - | 284.42 | 18.99 | 18.99 | 18.99 | 34.90 | 34.90 | 34.90 | 34.90 | 75.18 | 128.88 | 128.88 | 813.95 |
| Software Subscriptions + Dues (C) | 317.50 | 317.50 | 317.50 | 317.50 | 317.50 | 317.50 | 383.50 | 383.50 | 383.50 | 383.50 | 383.50 | 383.50 | 383.50 | 4,589.50 |
| POS Software (C) | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 492.10 | 579.60 | 579.60 | 579.60 | 6,659.80 |
| Computer Support | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 215.75 | 2,804.75 |
| Foreign Staffing Expense | - | - | - | - | - | - | 1,385.00 | 1,385.00 | 1,385.00 | 1,385.00 | 205.00 | - | - | 5,745.00 |
| Insurance | | | | | | | | | | | | | | |
| General / Property Liability | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 980.66 | 12,748.52 |
| Commerical Excess | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 52.98 | 688.75 |
| Auto | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 40.13 | 521.75 |
| Merchant Processing Fees (C) | - | - | 4,112.95 | - | - | - | 4,113.00 | - | - | - | 5,911.80 | - | - | 14,137.75 |
| Miscellaneous Expense | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,500.00 | 3,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 50,500.00 |
| Office Expense | 62.00 | 636.25 | 636.25 | 636.25 | 636.25 | 636.25 | 385.00 | 385.00 | 385.00 | 385.00 | 612.00 | 612.00 | 612.00 | 6,619.25 |
| Professional Fees - Accounting | - | - | 1,000.00 | - | 3,270.00 | - | 1,000.00 | - | - | - | 1,000.00 | - | - | 6,270.00 |
| Professional Fees - BSSN | - | - | - | 5,000.00 | - | 5,000.00 | - | 5,000.00 | - | 5,000.00 | - | 5,000.00 | - | 25,000.00 |
| Professional Fees - Consulting | - | 2,050.00 | - | - | - | - | - | 1,600.00 | - | - | - | - | - | 3,650.00 |
| Taxes - Property (D) | - | - | 7,585.60 | - | - | - | - | - | - | - | - | - | - | 7,585.60 |
| Vehicle Expense - Auto Lease | - | - | - | - | - | - | 2,928.95 | - | - | - | 2,928.95 | - | - | 5,857.90 |
| Utilities | | | | | | | | | | | | | | |
| Water & Sewer (E) | - | 985.00 | - | - | - | - | - | - | - | - | - | - | - | 985.00 |
| Electrical | 3,299.00 | - | - | - | - | 4,363.00 | - | - | - | 3,078.00 | - | - | - | 10,740.00 |
| Cable & Internet | - | - | - | 4,678.23 | - | - | - | 4,678.23 | - | - | - | - | 4,678.23 | 14,034.69 |
| Fuel & Oil | 447.00 | - | - | 447.00 | - | - | - | - | - | 343.00 | - | 4,499.00 | - | 5,736.00 |
| Deposit - Chapter 11 | - | - | - | 7,977.23 | - | - | - | - | - | - | - | - | - | 7,977.23 |
| Marketing Expense | - | - | 1,250.00 | 4,025.00 | - | - | 1,250.00 | 4,825.00 | - | - | 1,250.00 | 4,090.00 | - | 16,690.00 |
| Property Maintenance | 1,000.00 | 1,100.00 | 1,100.00 | 1,100.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 11,500.00 | 11,500.00 | 62,300.00 |
| Waste Management | 535.00 | - | - | 1,308.00 | - | - | - | - | 2,776.00 | - | - | - | 2,850.00 | 7,469.00 |
| Rent Expense (Storage) | - | - | 652.00 | - | - | - | 652.00 | - | - | - | - | - | - | 1,304.00 |
| U.S Trustee - Chapter 11 Fees | - | - | - | - | - | - | - | - | - | - | - | - | 1,422.98 | 1,422.98 |
| Management Fee (C) | - | - | - | 3,000.00 | - | - | - | 6,855.00 | - | - | - | 9,853.00 | - | 19,708.00 |
| **Total Disbursements:** | **10,442.12** | **9,870.37** | **21,720.34** | **34,998.81** | **16,233.35** | **22,326.35** | **27,155.75** | **40,170.03** | **20,330.80** | **25,289.80** | **31,587.33** | **51,268.29** | **45,775.50** | **357,168.86** |
| **Change in Cash** | **19,557.88** | **20,129.63** | **12,554.66** | **(723.81)** | **18,041.65** | **11,948.65** | **22,109.25** | **9,094.97** | **28,934.20** | **23,975.20** | **11,602.67** | **(8,078.29)** | **(2,585.50)** | **166,561.14** |
| **Cash at Beginning** | **-** | **19,557.88** | **39,687.51** | **52,242.17** | **51,518.36** | **69,560.01** | **81,508.65** | **103,617.90** | **112,712.87** | **141,647.06** | **165,622.26** | **177,224.93** | **169,146.64** | **-** |
| **Cash at End** | **19,557.88** | **39,687.51** | **52,242.17** | **51,518.36** | **69,560.01** | **81,508.65** | **103,617.90** | **112,712.87** | **141,647.06** | **165,622.26** | **177,224.93** | **169,146.64** | **166,561.14** | **166,561.14** |

Notes:
(A) Cash Receipts - Included prepaid reservations
(B) Payroll - Currently property does not have employees on payroll. Property Operations Manager anticipated start mid May at $75,000 annual salary, with General Manager anticipated start date of mid April at $90,000
(C) Merchant processing and management fees are calculated based on an estimated in prepaid reservations considering prior year deposit trends.
(D) Taxes - Property - Real Estate and Personal Property tax payments due bi-annually (March and September)
(E) Utilities - Water & Sewer payments are quarterly, due in February and May
Opening May 7th, 2026