**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SANDY PINES, LLC,**[1] | **Case No. 26-20038** |
| **Debtor.** | |

**ORDER GRANTING DEBTOR'S MOTION FOR: (I) ENTRY OF ORDER APPROVING BID PROCEDURES AND RELATED RELIEF; (II) ENTRY OF ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF; AND (III) FOR EXPEDITED DETERMINATION**

Upon consideration of the *Debtor's Motion for: (I) Entry of order Approving Bid Procedures and Related Relief; and (II) Entry of Order (A) Approving Sale of Substantially All Assets Free and Clear, (B) Authorizing Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 98] (the "**Motion**") filed by the Debtor;[2] and this Court having reviewed the Motion and having heard the statements in support of the bid procedures relief requested therein at a hearing; and this Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**THE COURT FINDS THAT:**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.

---

[1] The last four digits of Sandy Pines, LLC's federal taxpayer identification number are 6331, and its principal place of business is 227 Mills Road, Kennebunkport, Maine 04046.

[2]  Capitalized terms used as defined terms herein, but not otherwise defined, shall have the meanings ascribed to such terms in the Motion or the Bid Procedures, as applicable.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      Good and sufficient notice of the request to approve the marketing and bidding procedures set forth in this Order (the "**Bid Procedures**") and the hearing on such relief was sufficient under the circumstances, and such notice complied with the applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided as to the relief herein.

~~F. Neither the filing of the Motion, entry of this Order, the solicitation of bids in accordance with the Bid Procedures, nor any other actions taken by the Debtor in accordance therewith, shall constitute a sale of the Property, which sale will only take place, if at all, following the Sale Hearing.~~

**IT IS HEREBY <u>ORDERED</u>, <u>ADJUDGED</u> AND <u>DECREED</u> AS FOLLOWS:**

<u>**Disposition**</u>

1.      The Motion is **<u>GRANTED</u>** as <u>set forth herein as </u>to the Bid Procedures only.  This Order and the Bid Procedures herein shall govern the terms on which the Debtor will proceed with the potential Sale of the Property.

<u>**Bid Procedures**</u>

2.      No person or entity shall be entitled to any expense reimbursement, break-up fee, topping or termination fee, or other similar fee or payment.

3.      The following terms, conditions, procedures, and deadlines shall apply to the marketing and bidding for the Property:

| Category | Summary of Key Terms in Bid Procedures |
|---|---|
| **Marketing and Bidding Process:** | 1. The Debtor shall seek Court approval to retain CBRE Group, Inc. and Hunneman Commercial as brokers for the Sale (together, the "**Brokers**"). Marketing materials will be coordinated by the Brokers with input from the Debtor, BSB, and M1 (collectively, the "**Parties**").<br><br>2. A sales book (the "**Offering Book**") containing Property information, a standard form of Purchase and Sale Agreement (the "**Purchase Agreement**"), and marketing materials shall be completed **by April 15, 2026**. The form of Purchase Agreement shall be agreed upon by the Parties. The Brokers shall distribute the Offering Book **no later than April 15, 2026**.<br><br>3. Each prospective buyer must execute a Non-Disclosure Agreement ("**NDA**") in a form reasonably satisfactory to the Parties. Upon receipt of the executed NDA from the prospective buyer, the prospective buyer shall receive immediate access to the Offering Book.<br><br>4. The Debtor shall continue to prepare the Property for opening of the business in the ordinary course on or before May 8, 2026, at which point site visits of the Property in operation can be coordinated with prospective buyers and the Brokers at times that are reasonably acceptable to the Debtor. |
| **Bid Submission Process:** | 1. Initial bids shall be due **on or before May 27, 2026**.<br><br>2. If no bids are received **by May 27, 2026**, then BSB shall have, at its option, stay relief to immediately conduct a foreclosure sale of the Property.<br><br>3. All bids shall be in the form of a marked-up Purchase Agreement.<br><br>4. Copies of all bids shall be provided by the Brokers to the Parties and SBSI.<br><br>5. The Parties and SBSI shall consult with respect to the evaluation of each bid.<br><br>6. The Parties shall select the top five (5) bids **on May 28, 2026** (the "**Qualified Bidders**").<br><br>7. **On May 29, 2026**, the Qualified Bidders shall submit their final and best bids, and the Debtor, with the consultation and consent of BSB and M1, and after consultation with SBSI, shall select the highest and best bid (the "**Successful Bidder**" and the "**Successful Bid**"). The Successful Bidder shall immediately execute the Purchase Agreement reflecting the Successful Bid and provide a five percent (5%) deposit of the purchase price (the "**Initial Deposit**") under the terms of the Purchase Agreement that was accepted.<br><br>8. If no Successful Bidder is selected **by May 29, 2026**, BSB shall have, at its option, relief to immediately conduct a foreclosure sale of the Property. |

| Category | Summary of Key Terms in Bid Procedures |
|---|---|
|  | 9. Pursuant to the Bid Procedures Order, the Debtor shall seek approval of the Successful Bidder's offer at the Sale Hearing **on ~~or before~~ June ~~11~~9, 2026, at 9:00 AM**.<br><br>10. If the Successful Bidder is not approved at the Sale Hearing, BSB shall have, at its option, stay relief to immediately conduct a foreclosure sale of the Property. |
| **Closing and Deposits:** | 1. If the Successful Bidder's offer is approved by the Bankruptcy Court at the Sale Hearing, then the closing shall occur **no later than occur five (5) days after the Sale Hearing**.<br><br>2. A thirty (30) day extension option **may** be granted to the Successful Bidder upon a deposit of an additional 10% of the purchase price (the "**Extension Deposit**").<br><br>3. If the extension option is granted, the Initial Deposit and the Extension Deposit shall become non-refundable.<br><br>4. If the Successful Bidder fails to timely close under the Purchase Agreement (including any permitted extension), BSB shall have, at its option, stay relief to immediately conduct a foreclosure sale of the Property, or the Parties, with BSB's consent, may proceed with the Backup Bidder (defined below).<br><br>5. In the event a sale transaction closes, M1 shall accept any net proceeds of the sale transaction to which it is determined to be entitled in full and final satisfaction of any and all amounts owed to M1 by the Debtor or the estate, and M1 agrees to limit the guaranty obligations of all guarantors ("**Guarantors**") to amounts agreed to by M1 and Guarantors, which terms shall be set forth in a written agreement between M1 and the Guarantors. |
| **Minimum Sales Conditions:** | 1. The Parties agree that an offer greater than an agreed net proceeds dollar threshold (the "**Threshold**") from a financially qualified buyer will be acceptable as a bid and in the event the Debtor accepts an offer that is sufficient to pay BSB in full, BSB shall release any and all attachment liens (including against any assets of Guarantors) upon acceptance of the offer, dollar for dollar, based on the amount of the nonrefundable deposit up to the amount of BSB's current trustee process, which is $418,591.61.<br><br>2. If no offer exceeds the Threshold as of May 28, 2026:<br><br>    a. BSB, at its sole option, may proceed to conduct its own foreclosure auction for the Property; or<br><br>    b. BSB may choose to accept an offer below the Threshold, in which case:<br><br>        i. M1 and the Debtor will consent to the sale in the bankruptcy case; and |

| Category | Summary of Key Terms in Bid Procedures |
|---|---|
| | ii.  The Debtor will present such offer for approval at the Sale Hearing. |
| **Commission Structure:** | 1. The Brokers commission shall be 4.00% of the sale price on an aggregated basis and is conditioned upon (payable solely from the sale proceeds):<br><br>  a.  The closing of the sale of the Property; and<br><br>  b.  The net sale price for the Property must be greater than the Threshold.<br><br>2. No commission shall be due to any third party (including the Brokers) in the event the Successful Bid is a credit bid. |
| **Fiduciary Obligations:** | Nothing in the Bid Procedures shall modify or limit the Debtor's exercise of its fiduciary duties, nor shall anything in the Bid Procedures assign or delegate any right of the Debtor as debtor-in-possession to any other party.  In the event of any conflict between the Bid Procedures and the Debtor's fiduciary duties and rights as debtor-in-possession, such duties and rights shall control. |

**Notice and Service Deadlines**

4.    No later than two (2) business days after entry of this Order, the Debtor shall serve on all counterparties to any ~~assumed~~executory contracts ~~and~~or unexpired leases (the "~~Assumed~~ **Contract Counterparties**") that may be assumed by the Debtor and assigned to the Successful Bidder, which notice shall be substantially in the form attached hereto as **Exhibit 1** (a "**Cure and Possible Assumption and Assignment Notice**").

5.    Objections, if any, to the cure amount set forth on the Cure and Possible Assumption and Assignment Notice or the possible assignment of an executory contract or unexpired lease (each, an "~~Assumed Contract~~ **Objection to Contract Assumption**") must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules; and (iii) be filed with the Bankruptcy Court and served so as to be actually received **on or before** ~~_____~~**June 6, 2026**.

6.	Where ~~an Assumed~~a Contract Counterparty files a timely ~~Assumed Contract~~ Objection to Contract Assumption, the Debtor's ability to assign the executory contract or unexpired lease to the Successful Bidder shall be determined at the Sale Hearing or, as necessary, at a subsequent evidentiary hearing.

7.	Within two (2) business days after entry of this Order, the Debtor shall cause a copy of the Bid Procedures Order, the Bid Procedures, and the Cure and Possible Assumption and Assignment Notice to be served on: (a) the Office of the United States Trustee for the District of Maine; (b) the holders of the 20 largest, non-insider unsecured claims against the Debtor; (c) any other parties with known secured claims against the Debtor or their counsel, if known; (d) all parties that have executed an NDA for the Property; (e) the Internal Revenue Service; (f) all state and local taxing authorities with an interest in the Property; (g) the Attorney General for the State of Maine; (h) all other known governmental agencies with an interest in the Sale and transactions proposed thereunder; (i) all other parties known or reasonably believed to have asserted an interest in the Property; (j) ~~Assumed~~the Contract Counterparties; (k) the Debtor's insurance carriers; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.

8.	The Sale Hearing shall be conducted on **June 9, 2026, at 9:00 AM**. The Sale Hearing may be adjourned from time to time without further notice other than such announcement being made in open court or a notice of adjournment filed on the Court's docket.

9.	Objections, if any, to the relief requested in the Motion relating to the Sale (each, a "**Sale Objection**") must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Bankruptcy Court; and (iv) be served so it is actually received **no**

**later than** ——————June 6, 2026.  A party's failure to timely file a Sale Objection in accordance with this Order is forever barred from objecting to the Sale, at the Sale Hearing or otherwise, to the relief requested in the Motion, or to the consummation of the Sale and the performance of the related transactions, and may be deemed to be a "consent" for purposes of § 363(f) of the Bankruptcy Code.

10. The Debtor shall file a proposed form of Sale Order **on or before** ——————June 3, 2026.

11. The Debtor shall file the form of Purchase Agreement **on or before** ——————April 24, 2026.

### Additional Bid Procedures Terms and Conditions

12. The following additional terms and conditions shall apply to the Bid Procedures and the conduct of the marketing and bidding process in accordance with this order:

(a) **Purchased Property and Assumed Liabilities**:  Each bid must clearly provide what parts of the Property the bidder seeks to acquire and which of the assumed Debtor's liabilities the bidder agrees to assume.

(b) **Designation of Assigned Contracts and Leases**: Subject to the terms of the Purchase Agreement, each bid must identify any and all executory contracts and unexpired leases of the Debtor that the bidder wishes to be assumed and assigned to the bidder at the closing.

(c) **Corporate Authority**:  Each bid must include written evidence reasonably acceptable to the Parties demonstrating appropriate corporate or similar governance authorization of the bidder to consummate the proposed transaction; provided that if the bidder is an entity specially formed for the purpose of effectuating the Sale, then the bidder must furnish written evidence reasonably acceptable to the Parties of the approval of the Sale by the equity holder(s) of such bidder and any other governing body of the bidder that is required to approve the sale.

(d) **Disclosure of Identity of and Contact Information for Bidder**:  Each bid must fully disclose the identity of each entity (including any equity owners, sponsors, or co-investors) that will be bidding for or purchasing the Property or otherwise directly or indirectly participating in connection with such bid, as well as contact information for the decision-maker and counsel.

(e)     **Proof of Financial Ability to Perform**:  Each bid must include written evidence that the Parties reasonably conclude demonstrates that the bidder has the necessary financial ability to: (a) timely close the transaction contemplated by such bid by the date set forth in the Purchase Agreement; and (b) provide adequate assurance of future performance under all contracts proposed to be assumed and assigned in such Sale.

(f)     **Adherence to Bid Procedures**: By submitting its bid, each bidder is agreeing to abide by and honor the terms of the Bid Procedures and this Order.

(g)     **Contingencies and Other Provisions**:  Each bid shall not include any conditions or contingencies relating to financing, internal approvals, or the absence of any material adverse effect.  Each bid shall not include any conditions or contingencies relating to due diligence.

(h)     **Irrevocable**:  Each bid must be irrevocable unless and until the Debtor accepts a higher bid and such bidder is not selected as the Backup Bidder, <u>provided</u> that if a bid is accepted as the Successful Bid or the Backup Bid, such bid shall continue to remain irrevocable, subject to the terms and conditions of these Bid Procedures.

(i)     **Consent to Jurisdiction**:   Each bidder must: (a) consent to the jurisdiction of the United States Bankruptcy Court for the District of Maine to enter an order or orders, which shall be binding in all respects, in any way related to the Debtor, the chapter 11 case, the Bid Procedures, the Purchase Agreement, or the construction and enforcement of documents relating to any Sale with the Debtor; (b) waive any right to a jury trial in connection with any disputes relating to the Debtor, the chapter 11 case, the Bid Procedures, the Purchase Agreement, or the construction and enforcement of documents relating to any Sale; and (c) consent to the entry of a final order or judgment by the Bankruptcy Court if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

(j)     **Acknowledgement of No Collusion**: Each bid shall include a written acknowledgement from the bidder that it has not: (a) engaged in any collusion with respect to the bidding or sale of any of the Property described herein; or (b) taken any other action to prevent a transparent and competitive process.

13.     The credit bid rights of all parties are reserved to the extent provided by § 363(k) or by separate Order of the Bankruptcy Court.  All permissible credit bids shall be treated as the equivalent of a cash bid of the same amount for purposes of the Bid Procedures.

14.     The bidder with the second highest and otherwise best bid to the Successful Bid for the Property may be designated as a backup bidder (each, a "**Backup Bidder**" and such bid,

the "**Backup Bid**").  The identity of the Backup Bidder and the amount and material terms of the Backup Bid shall be selected by the Debtor at the same time the Debtor selects the identity of the Successful Bidder.  The Backup Bidder shall be required to keep its bid open and irrevocable until the closing of the sale transaction contemplated by the applicable Successful Bid.  The Debtor shall return the Backup Bidder's deposit not later than two (2) business days after the closing of the sale to the Successful Bidder.

15.    **On or before June 1, 2026**, the Debtor shall file a notice designating the Successful Bid and the Backup Bid, if any, and ~~the terms of each such bid~~a copy of the Successful Bidder's Purchase Agreement and the Backup Bidder's Purchase Agreement (as applicable).

16.    All deposits shall be held in one or more escrow accounts by the Debtor, but shall not become property of the Debtor's estate absent further order of the Court or as set forth herein.  All deposits from a party that is neither a Successful Bidder, nor a Backup Bidder, shall be returned **not later than June 2, 2026**.

17.    ~~The terms "**Consultation Party**" or~~Any consultation and consent rights provided to the BSB, M1, and SBSI (the "**Consultation Parties**"~~shall mean BSB and M1, and their professional advisors and counsel.  For the avoidance of doubt, any consultation rights provided to the Consultation Parties by these Bid Procedures~~) by this Order shall not limit the Debtor's discretion and shall not include the right to veto any decision made by the Debtor in the exercise of its fiduciary obligations.  If a Consultation Party submits a credit bit for any portion of the Property, the consultation and consent rights of such Consultation Party shall cease, provided, however, that such Consultation Party's consultation and consent rights shall be reinstated if

such Consultation Party subsequently irrevocably states that it shall not submit any bid in the future.

18.    Nothing in this Order shall constitute a determination as to the validity, perfection, priority, or extent of any lien.  Nothing in this Order shall constitute a determination as to the allocation of sale proceeds among parties.

**Effectiveness of Order**

19.    18. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary.

20.    19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:                                          _____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

**<u>Exhibit 1 to Bid Procedures Order</u>**

**Cure and Possible Assumption and Assignment Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SANDY PINES, LLC,**[1] | **Case No. 26-20038** |
| **Debtor.** | |

**NOTICE TO COUNTERPARTIES OF POTENTIALLY ASSUMED**
**EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD: (1) READ THIS NOTICE
CAREFULLY; AND (2) LOCATE THEIR NAME AND CONTRACT
AND/OR LEASE ON APPENDIX I HERETO**

On _____, 2026, the United States Bankruptcy Court for the District of Maine entered an order (the "**Bid Procedures Order**"), which set dates, times, and procedures related to the sale of assets of Sandy Pines, LLC (the "**Debtor**"), pursuant to a process overseen by the Bankruptcy Court.

Approval of the sale, and the Debtor's assumption and assignment of any contracts and leases in connection therewith, is scheduled to take place at a hearing before the Bankruptcy Court in Bangor, Maine, on ~~——————~~**June 9, 2026, at 9:00 AM**.

**In accordance with the Bid Procedures Order, the Debtor may assume and assign executory contract(s) and/or unexpired lease(s) to which you may be a counterparty to the Successful Bidder.**

The Debtor has reviewed its books and records and has determined the cure amount for unpaid monetary obligations under such contracts and leases, as is set forth on Appendix I (the "**Cure Amount**"). If you object to the Cure Amount or to the possible assignment of ~~such~~your executory contract(s) or unexpired lease(s) as set forth in the Bid Procedures Order, you must file an objection with the Bankruptcy Court no later than ~~——————~~**June 6, 2026**~~,~~ and serve such objection on the ~~following~~ parties listed below:

| **Counsel to the Debtors** | **Counsel to Bangor Savings Bank** |
|---|---|
| Sam Anderson, Esq. | Jeremy R. Fischer |
| | Preti, Flaherty, Beliveau & Pachios |
| | One City Center |
| | Portland, ME, 04101 |
| | jfischer@preti.com |

---

[1] The last four digits of Sandy Pines, LLC's federal taxpayer identification number are 6331, and its principal place of business is 227 Mills Road, Kennebunkport, Maine 04046.

Adam Prescott, Esq.
Bernstein, Shur. Sawyer & Nelson, P.A.          *[To be updated]*
100 Middle Street, PO Box 9729
Portland, ME 04104
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com                     **Counsel to MutualOne Bank**
                                                George Tetler
                                                Prince Lobel
**Counsel to SBSI**                             1 Mercantile Street, Suite 220
Micah A. Smart, Esq.                            Worcester, MA 01608
Murray Plumb & Murray                           gtetler@princelobel.com
75 Pearl Street, PO Box 9785
Portland, ME 04104-5085                         *[To be updated]*
msmart@mpmlaw.com

     **If you ~~do not object to the Debtor's assumption and assignment of your contract(s) and/or lease(s) on Appendix I~~have no objection, you need not take any further action**. If you have any questions about this notice or would like to request additional documents (at no charge), please contact Adam Prescott at (207) 228-7145 or aprescott@bernsteinshur.com.

 Dated:     _____ __, 2026     Respectfully submitted,

                                         **BERNSTEIN, SHUR, SAWYER &
NELSON, P.A.**

                                         */s/ draft*
                                         D. Sam Anderson
                                         Adam R. Prescott
                                         100 Middle Street
                                         PO Box 9729
                                         Portland, Maine 04104
                                         Telephone: (207) 774-1200
                                         Facsimile: (207) 774-1127
                                         sanderson@bernsteinshur.com
                                         aprescott@bernsteinshur.com

                                         Proposed Counsel to the Debtors and Debtors in Possession

2

## APPENDIX I

## List of ~~Potentially~~Proposed Assumed Contracts and Leases

*[to be updated prior to service with good faith estimate of cure amounts]*

| Summary report: Litera Compare for Word 11.11.0.158 Document comparison done on 4/3/2026 5:57:46 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://work.bssn.com/worksite_active/21726320/3 - Sandy Pines - Bid Procedures and Sale Motion -3-31-2026 - to file.docx | |
| **Modified DMS:** iw://work.bssn.com/worksite_active/21726320/4 - Sandy Pines - Bid Procedures Order - 4-3-2026 500pm.docx | |
| **Changes:** | |
| Add | 56 |
| Delete | 35 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 91 |