**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **SANDY PINES, LLC,**[1] | **Case No. 26-20038** |
| **Debtor.** | |

**ORDER GRANTING THE DEBTOR'S MOTION FOR ORDER ESTABLISHING
PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the *Motion for Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 106] (the "**Motion**") filed by the Debtor;[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      Except as may otherwise be provided in separate Orders of this Court, the

---

[1] The last four digits of Sandy Pines, LLC's federal taxpayer identification number are 6331, and its principal place of business is 2 Livewell Drive, Suite 201, Kennebunk, ME 04043.

[2] Capitalized terms used, and not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

Professionals may seek postpetition, monthly interim compensation in accordance with the following Interim Compensation Procedures:

(a) **Submissions and Monthly Statements.** Not earlier than the fifth (5th) day of each month following the month for which compensation is sought (provided that a Professional may include in its initial request compensation and expenses from the Petition Date through the end of the "stub" month for which the initial request is being made), each Professional seeking compensation pursuant to the Interim Compensation Procedures may serve a monthly fee and expense statement via e-mail (the "**Monthly Fee Statement**") upon the following persons (collectively, the "**Notice Parties**"):

    (i) Counsel to the Debtor, Sam Anderson (sanderson@bernsteinshur.com) and Adam R. Prescott (aprescott@bernsteinshur.com);

    (ii) Counsel to the Office of the United States Trustee, Ann Marie Dirsa and Sandra Nicholls (Ann.Marie.Dirsa@usdoj.gov, Sandra.Nicholls@usdoj.gov);

    (iii) Counsel to the Official Committee of Unsecured Creditors (if any);

    (iv) Counsel to Bangor Saving Bank (jfischer@preti.com);

    (v) Counsel to MutualOne Bank (gtetler@princelobel.com);

    (vi) Counsel to Saco Biddeford Savings Institution (msmart@mpmlaw.com); and

    (vii) Any other party this Court may so designate.

(b) **No Filing with the Court.** Each Monthly Fee Statement shall not be filed with this Court. Professionals are required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, except as may be modified by a Court order.

(c) **Content of Monthly Fee Statement.** Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rates. All timekeepers must maintain contemporaneous time entries in increments of one-tenth (1/10th) of an hour, except as otherwise ordered by this Court. Each Monthly Fee Statement must contain a reasonably detailed summary of the fees sought by task and a list of individuals and their respective positions who provided services during the statement period, including: (i) their respective billing rates; (ii) in the case of attorneys, their respective year of graduation from law school; and (iii) the

2

aggregate hours spent by the individual during the period for which compensation is requested.

(d)   **Review Period.**  Each party receiving a Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to serve an objection (the "**Objection Period**") in accordance with the Interim Compensation Procedures.

(e)   **Payment.**  In the absence of a timely served objection, the Debtor shall promptly pay each Professional an amount (the "**Interim Payment**") equal to the lesser of: (i) ninety percent (90%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement; or (ii) ninety percent (90%) of the fees and 100 percent (100%) of the expenses not subject to any timely served partial objection, <u>provided</u> that all Interim Payments herein shall be subject to, and consistent with, this Court's orders regarding the use of cash collateral and related budgets.

(f)   **Objections.**

    (i)   If any party objects to a Monthly Fee Statement, it must do so in writing (the "**Notice of Objection to Monthly Fee Statement**") and must serve the Notice of Objection to Monthly Fee Statement, via e-mail, upon the Professional and the Notice Parties, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

    (ii)   The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

    (iii)   If a timely objection is received as to a Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and shall promptly pay the remainder of the fees and disbursements in the percentages set forth above.

    (iv)   If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Monthly Fee Statement, then the Professional and the objecting party shall serve upon the Notice Parties a statement indicating that the objection is withdrawn, in whole or in part, and describing in detail the terms of the resolution, and then the Debtor shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

    (v)   If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the Notice of Objection to Monthly Fee Statement, the affected Professional may: (a) move to compel the payment with this Court, together with a request for

payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "**Incremental Amount**"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by this Court, at which time it will consider and dispose of the objection, if so requested.

(vi)    Neither an objection to a Monthly Fee Statement, nor the failure to object thereto, shall prejudice a party's right to object to any fee application on any ground.

(vii)    Failure of a Professional to serve a Monthly Fee Statement for any period shall not prejudice that Professional in seeking interim or final allowance of fees or expenses for that period or any other period.

3.    The Debtor shall include all payments to Professionals made pursuant to this Order on its monthly operating reports.

4.    Neither: (A) the payment of, nor the failure to pay, in whole or in part, interim compensation and reimbursement of expenses; nor (B) the filing of or failure to file a Notice of Objection to Monthly Fee Statement shall bind any party-in-interest or this Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals.

5.    All Professionals that submit Monthly Fee Statements under this Order shall file interim (or final, as applicable) fee applications not more often than every 120 days and not less often than every 180 days.

6.    Any Professional that receives payment under the Interim Compensation Procedures irrevocably agrees, by the receipt of such payment, that:

(a)    The Court has the authority to order the disgorgement or return of any payment received under these Interim Compensation Procedures if the sum of all payments received by a Professional under this program (plus any pre-petition or post-petition retainers held

4

by such Professional) exceeds the sum of the fees and expenses awarded to that Professional under 11 U.S.C. § 330;

(b)     The Court has the authority to order the disgorgement or return of any payment received under these Interim Compensation Procedures if necessary to permit the full payment of claims allowed under 11 U.S.C. § 503(b) after conversion of this case to a case under chapter 7 (see 11 U.S.C. § 726(b));

(c)     The Court has the authority to terminate a Professional's participation under these Interim Compensation Procedures with or without cause, and the Court has the authority to impose conditions on a Professional's continued participation in the program; and

(d)     As to item (b) above, a Professional's receipt of a payment under this program does not, for purposes of 11 U.S.C. § 726(b), constitute payment of the claim such that the claim does not exist for purposes of § 726(b).

Any Professional that does not agree to each of the foregoing may not receive any payment under these Interim Compensation Procedures.

7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: April 30, 2026

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

United States Bankruptcy Court

District of Maine

In re:                                                                                    Case No. 26-20038-maf

Sandy Pines, LLC                                                                          Chapter 11

      Debtor

# CERTIFICATE OF NOTICE

| District/off: 0100-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 30, 2026 | Form ID: pdf900 | Total Noticed: 5 |

The following symbols are used throughout this certificate:

**Symbol      Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 02, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sandy Pines, LLC, 2 Livewell Drive, Suite 201, Kennebunk, ME 04043-6763 |
| aty | + | Louis M. Ciavarra, Esq., Prince Lobel Tye LLP, One Mercantile Street, Suite 220, PO Box 15156 Worcester, MA 01615-0156 |
| cr | + | MutualOne Bank, Perkins Thompson, PA, 200 Middle Street, 9th Floor, PO Box 426, Portland, ME 04101 UNITED STATES 04112-0426 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: complianceBK.MRS@maine.gov | Apr 30 2026 20:03:00 | State of Maine, Bureau of Revenue Services, Compliance Division Bankruptcy Unit, P.O. Box 1060, Augusta, ME 04332-1060 |
| cr | + | Email/Text: collections@sbsavings.bank | Apr 30 2026 20:03:00 | Saco Biddeford Savings Institution, 50 Industrial Park Road, Saco, ME 04072-1840 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 02, 2026            Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 30, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam R. Prescott, Esq. | on behalf of Debtor Sandy Pines  LLC aprescott@bernsteinshur.com, sbaker@bernsteinshur.com;kflynn@bernsteinshur.com;ekitchen@bernsteinshur.com;lunfricht@bernsteinshur.com |

District/off: 0100-2                          User: admin                                    Page 2 of 2

Date Rcvd: Apr 30, 2026                      Form ID: pdf900                          Total Noticed: 5

Ann Marie Dirsa, Esq.
                    on behalf of U.S. Trustee Office of U.S. Trustee ann.marie.dirsa@usdoj.gov

Anthony J. Manhart, Esq.
                    on behalf of Creditor MutualOne Bank tmanhart@perkinsthompson.com
                    mlaverriere@perkinsthompson.com;amihalov@perkinsthompson.com;Manhart.AnthonyJ.B135091@notify.bestcase.com

Bodie B. Colwell, Esq.
                    on behalf of Creditor Bangor Savings Bank bcolwell@preti.com  sbarrington@preti.com

Bridget S Dornbach
                    on behalf of Creditor Saco Biddeford Savings Institution bridgetdornbach@gmail.com

D. Sam Anderson, Esq.
                    on behalf of Debtor Sandy Pines  LLC sanderson@bernsteinshur.com,
                    sbaker@bernsteinshur.com;kflynn@bernsteinshur.com;lunfricht@bernsteinshur.com;ekitchen@bernsteinshur.com

Fred W. Bopp, III, Esq.
                    on behalf of Creditor MutualOne Bank fbopp@boppguecia.com  bgadmin@boppguecia.com

George W. Tetler, III
                    on behalf of Creditor MutualOne Bank gtetler@princelobel.com  ctibbetts@princelobel.com

Jeremy R Fischer
                    on behalf of Creditor Bangor Savings Bank jfischer@preti.com  mperry@preti.com

Mark W. Powers
                    on behalf of Creditor MutualOne Bank mpowers@princelobel.com

Micah A. Smart, Esq.
                    on behalf of Creditor Saco Biddeford Savings Institution msmart@mpmlaw.com  kwillette@mpmlaw.com

Office of U.S. Trustee
                    ustpregion01.po.ecf@usdoj.gov

Sandra Nicholls, Esq.
                    on behalf of U.S. Trustee Office of U.S. Trustee sandra.nicholls@usdoj.gov


TOTAL: 13