**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **SANDY PINES, LLC,**[1] | **Case No. 26-20038** |
| **Debtor.** | |

**ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL
SUBSTANTIALLY ALL ASSETS FREE AND CLEAR AND TO ASSUME
AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO STREAMSIDE
SIGNATURE ACQUISITIONS, LLC**

Upon consideration of the *Motion for: (I) Entry of Order Approving Bid Procedures and Related Relief; and (II) Entry of Order (A) Approving Sale of Substantially All Assets Free and Clear, (B) Authorizing Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 98] (the "**Sale Motion**"), filed by Sandy Pines, LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"); and with this Court having entered the *Order Approving Bid Procedures and Related Relief* [Docket No. 120] on April 4, 2026 (the "**Bid Procedures Order**"); and with the Debtor having filed and served the *Notice of Sale Hearing and Proposed Sale of Substantially All Assets of Debtor and Proposed Assignment of Certain Contracts and Leases* [Docket No. 125 & 126]; and with the Debtor having filed the *Notice of Designation of Successful Bidder and Backup Bidder* [Docket No. 153]; and with the Debtor having filed and served the *Updated Notice of Sale Hearing and Proposed Sale of Substantially All Assets of Debtor and Proposed Assignment of Certain Contracts and Leases* [Docket No. 154]; and with this Court having conducted a hearing on the proposed sale and

---

[1] The last four digits of Sandy Pines, LLC's federal taxpayer identification number are 6331, and its principal place of business is 2 Livewell Drive, Suite 201, Kennebunk, ME 04043.

1

assignment relief in the Sale Motion on June 9, 2026 (the "**Sale Hearing**"); and with counsel for Streamside Signature Acquisitions, LLC ("**Purchaser**") and counsel for the Debtor have made offers of proof at the Sale Hearing; and with the *Campground Purchase and Sale Agreement* between the Debtor and Purchaser attached hereto as **Exhibit A** and incorporated herein by reference (together with all exhibits, schedules, and other ancillary documents thereto, the "**PSA**") having been selected by the Debtor as the highest and best offer for the Debtor's Property,[2] which Property includes, without limitation, the Land and Improvements generally located at 277 Mills Road, Kennebunkport, Maine, and known as the "Sandy Pines Campground"; and this Court having determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for entry of this order (the "**Sale Order**"),

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of the above-captioned case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Sale Motion are §§ 105(a), 363, and 365 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2002-5 and 6004-1 of this Court's local rules of procedure (the "**Local Rules**").

C.    Proper, timely, and adequate notice of the Sale Motion, the Sale Hearing, and the transactions described in the PSA has been provided in accordance with Bankruptcy Rules 2002, 6004, 6006, and 9014, and no further notice of the Sale Motion, the Sale Hearing, or the entry of

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the PSA.

this Sale Order is required.

D.      As demonstrated by the evidence proffered or adduced at the Sale Hearing, the Debtor has marketed the Property and conducted the sale process in compliance with the Bid Procedures Order.

E.      The Debtor has demonstrated a sufficient basis to sell and assign the Property and Assumed Contracts under §§ 363 and 365 (as applicable) of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment.

F.      A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded.

G.      All objections to the Sale Motion and entry of this Sale Order, if any, have either been resolved, withdrawn, or overruled.

H.      The PSA was negotiated, proposed, and entered into by the Debtor and Purchaser without collusion or fraud, in good faith, and from arm's-length bargaining positions.  Neither the Debtor, nor Purchaser, has engaged in any conduct that would cause or permit the PSA to be avoided under § 363(n) of the Bankruptcy Code.

I.      Neither Purchaser, nor any of its affiliates, members, partners, officers, directors, principals, or shareholders is an "insider" of the Debtor, as that term is defined in the Bankruptcy Code.  No common identity of directors, managers, controlling shareholders, or members exists between the Debtor and Purchaser.

J.      Purchaser is a good faith purchaser under § 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby with respect to the transactions in the PSA and this Sale Order.  The protections afforded by § 363(m) are integral to the transactions approved by this Sale Order, and Purchaser would not consummate the acquisition of the Property

3

without such protections.

K. The consideration provided by Purchaser for the Property pursuant to the PSA: (i) is fair and reasonable; (ii) is the highest and best offer for the Property received by the Debtor in accordance with the Bid Procedures Order; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States and/or the laws of any state of the United States.

L. The transactions in the PSA must be approved and consummated promptly in order to maximize the value of the Debtor's business and assets.

M. The transfer of the Property to Purchaser will be a legal, valid, and effective transfer, and will vest Purchaser with all right, title, and interest of the Debtor in and to the Property, free and clear of all liens, claims, encumbrances and interests pursuant to § 363(f) of the Bankruptcy Code, except as to the Assumed Liabilities and Permitted Encumbrances, with all valid liens, claims, mortgages, and encumbrances on the Property to attach to the cash proceeds received by the Debtor for the Property (the "**Sale Proceeds**") in the same order, priority, and validity as existed as of the Closing.

N. This Court has jurisdiction to authorize and approve the transfer and assignment of the Property and the Assumed Contracts pursuant to the terms of this Sale Order and the PSA.

O. The Debtor may sell the Property free and clear of all liens, claims, encumbrances, and interests of any kind or nature (except the Assumed Liabilities and Permitted Encumbrances) because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those parties with interests in the Property who did not object, whose objections were accommodated, or who withdrew their objections, to the Sale Motion are deemed

4

to have consented pursuant to §§ 363(f)(2). Those parties with interests in the Property who did object fall within one or more of the subparagraphs under §§ 363(f) and 365 and are adequately protected by having their interests, if any, attach to the Sale Proceeds attributable to the portion of the Property against or in which they claim an interest.

P.    The transfer of the Property to Purchaser will not subject Purchaser to any liability whatsoever with respect to the operation of the Debtor's Business or by reason of such transfer under the laws of the United States or any state of the United States, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of equitable law, antitrust, or successor or transferee liability.

Q.    The Debtor may assume the Assumed Contracts (as are set forth in Schedule 2.4 to the PSA) and assign each of the Assumed Contracts to Purchaser pursuant to §§ 363 and 365 of the Bankruptcy Code, notwithstanding any anti-assignment clause or other provision in any Assumed Contract. The assumption and assignment of the Assumed Contracts is in the best interests of the Debtor and its estate, creditors, and other parties in interest, and represents the reasonable exercise of the business judgment of the Debtor. The Debtor retains the right to assume or reject any executory contract or unexpired lease to which it is a party that is not an Assumed Contract.

R.    Purchaser: (i) has cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts, within the meaning of § 365(b)(1)(A); and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts. Upon assignment to Purchaser, the Assumed Contracts shall be valid and binding, subject to the provisions of this Sale Order and the PSA.

**NOW, THEREFORE, IT IS HEREBY <u>ORDERED</u>, <u>ADJUDGED</u>, AND <u>DECREED</u> THAT:**

### <u>General Provisions</u>

1. The Sale Motion is **<u>GRANTED</u>** as set forth in this Sale Order.

2. All objections to the Sale Motion, the PSA, or the relief set forth in this Sale Order, that have not been withdrawn, and all reservations of rights related thereto, are hereby overruled on the merits.

### <u>Approval of the PSA</u>

3. Pursuant to §§ 105, 363, and 365 of the Bankruptcy Code, immediately upon entry of this Sale Order, the Debtor is authorized to enter into the PSA and to consummate the transactions set forth therein in accordance with the terms and conditions of the PSA and this Sale Order.

4. The Debtor is authorized to execute and deliver, and is empowered to perform under, consummate, and implement the PSA, together with all additional instruments and documents that may be reasonably necessary to implement the PSA, and to take all further actions as may be reasonably requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser, the Property and Assumed Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the PSA.

### <u>Transfer of Property; Free and Clear; No Successor Liability</u>

5. Pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code, upon payment of the Purchase Price, the Property shall be transferred to Purchaser and, upon Closing, shall be free and clear of all liens, claims, encumbrances, and interests of any kind or nature whatsoever (except as to the Assumed Liabilities and Permitted Encumbrances), with all such interests to attach to the

6

Sale Proceeds in the order of priority, with the same validity and priority, which they now have against the Property.

6.      The transfer of the Property to Purchaser pursuant to the PSA and this Sale Order constitutes the legal, valid, and effective transfer of the Property, and shall vest Purchaser and its affiliates, successors, and assigns with all right, title, and interest of the Debtor in and to the Property, free and clear of all liens, claims, encumbrances, and interests (except as to the Assumed Liabilities and Permitted Encumbrances).  The consummation of the transactions in the PSA is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including §§ 105(a), 363(b), 363(f), 363(h), 365(f) and 365(m), and all of the applicable requirements of such sections have been complied with by the Debtor and Purchaser.

7.      The sale of the Property to Purchaser under the PSA shall constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

8.      Purchaser shall have no liability, or responsibility for any liability or other obligation of the Debtor, arising under or relating to the Property, except as to the Assumed Liabilities and Permitted Encumbrances.  Without limiting the generality of the foregoing, Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown, as of Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor, the Business, or any obligations of the Debtor arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's Business prior to the Closing.

9.      All persons holding claims or interests against or in the Debtor or the Property of any kind or nature shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such interests of any kind or nature whatsoever against Purchaser, its property, its successors and assigns, or the Property with respect to any interest of any kind or nature whatsoever such person or entity had, has, or may have against the Debtor, its estate, officers, directors, shareholders, or the Property.

**Assumption and Assignment of the Assumed Contracts and the Licenses and Permits**

10.     Pursuant to §§ 105(a) and 365 of the Bankruptcy Code, upon Closing, Purchaser's assumption of the Assumed Contracts is hereby approved, and the requirements of § 365(b)(1) with respect thereto are hereby deemed satisfied.

11.     The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contracts that prohibits, restricts, or conditions such assignment or transfer.  Pursuant to § 365(k), the Debtor shall be relieved from any further liability with respect to the Assumed Contracts after assignment to and assumption by Purchaser.

12.     Upon the entry of this Sale Order and payment of the cure amounts (the "**Cure Amounts**"), if any, by Purchaser for each Assumed Contract: (i) all defaults or other obligations (monetary and non-monetary) of the Debtor under the Assumed Contracts arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in § 365(b)(2) of the Bankruptcy Code) shall be deemed cured; (ii) no other amounts will be owed by the Debtor, its estate, or Purchaser with respect to amounts first arising or accruing during, or attributable or related to, the period before the date of this Sale Order; and (iii) each counterparty to an Assumed Contract is hereby forever barred, estopped, and

8

permanently enjoined from asserting against the Debtor, Purchaser, or the Property any default existing as of the Closing Date, whether declared or undeclared or known or unknown; or, against Purchaser, any counterclaim, defense, setoff, or any other claim asserted or assertable against the Debtor.

13.     The Cure Amounts are deemed to be the entire cure obligation due and owing under the Assumed Contracts under § 365(b) of the Bankruptcy Code.

14.     Any provisions in the Assumed Contracts that prohibit or condition the assignment or allow the non-debtor party to the Assumed Contracts to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon assignment of, constitute unenforceable anti-assignment provisions that are void and of no force and effect.

15.     To the fullest extent permitted by applicable non-bankruptcy law, at Closing, the Debtor is authorized to assign the Licenses and Permits to Purchaser.

**Evidence of Free and Clear Transfer; Self-Executing Discharges and Releases**

16.     Upon Closing, each of the Debtor's creditors is directed to execute all documents and take all other actions as may be necessary to release its lien or interest in any of the Property, if any, including any lien or interest that may have been recorded, filed, or may otherwise exist.

17.     If any person that has filed statements or other documents or agreements evidencing liens or interests on or in all or any portion of the Property fails to deliver to the Debtor prior to the Closing, in form and substance as required by the Debtor, such termination statements, instruments of satisfaction, releases of liens, or any other documents necessary for the purpose of documenting the release of all liens and interests which such person or entity has or may assert with respect to all or a portion of the Property, then the Debtor or Purchaser, each acting

individually, is authorized to execute and file such statements, instruments, discharges, releases and other documents on behalf of and in the name of such party with respect to the Property, and each of the Debtor and Purchaser, each acting individually, is granted limited power of attorney to execute the foregoing in the name of such interest or lien holder.

18.     Notwithstanding the foregoing paragraph, the provisions of this Sale Order authorizing the transfer of the Property free and clear of all liens, claims, encumbrances, and interests (other than the Assumed Liabilities and Permitted Encumbrances) shall be self-executing, and it shall not be, or be deemed, necessary for any person to execute or file releases, termination statements, assignments, consents, or other instruments in order for the free and clear provisions of this Sale Order to be implemented.

19.     This Sale Order shall be: (i) effective as a determination that, at Closing, all interests of any kind or nature existing with respect to the Debtor or the Property prior to the Closing have been unconditionally released, discharged, and terminated; and (ii) binding upon all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

### Additional Provisions

20.     To the fullest extent permitted by applicable law, the transfers made pursuant to the PSA and this Sale Order shall not be taxed under, and shall be exempt from, any law imposing a stamp, sale, transfer, recording, or other similar tax imposed by any governmental unit.

21.     All entities that are, as of Closing, in possession of some or all of the Property are hereby directed to surrender possession of the Property to Purchaser at Closing.

22.     This Court shall retain jurisdiction to enforce and implement the terms and provisions of this Sale Order and to adjudicate any disputes arising under or related to the PSA.

23.     Nothing contained in any plan of reorganization confirmed in this chapter 11 case, any order of this Court confirming such plan, or any order dismissing the chapter 11 case shall modify or nullify the provisions of this Sale Order.

24.     The terms and provisions of the PSA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors, Purchaser, and its respective affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties, including, but not limited to, all persons asserting interests in the Property, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

25.     The transactions contemplated by the PSA were undertaken by Purchaser in good faith, as that term is used in § 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transactions, unless such authorization is duly stayed pending such appeal by a court of competent jurisdiction.  Purchaser is a purchaser in good faith of the Property and is entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

26.     The failure to include or reference any particular provision of the PSA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA be authorized and approved in its entirety.

27.     The PSA may be modified, amended, or supplemented by the Debtor and Purchaser in a writing signed by the parties, and in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a materially adverse effect on the Debtor's estate or creditors.

**Authorized Disbursements at Closing**

28.     At Closing, the Debtor is authorized to disburse from the Sale Proceeds cash to the following parties in the following amounts (collectively, the "**Authorized Closing Disbursements**"):

(a)     Funds sufficient to pay de minimis ordinary course closing costs, including title company fees and recording fees;

(b)     Pro rated property taxes, utilities, and other similar expenses required to be paid by the Debtor at Closing under the PSA; and

(c)     All amounts due to Bangor Savings Bank ("**BSB**") under its loan documents, other than post-petition attorneys' fees and expenses, in the principal amount of $10,028,401.73, plus accrued interest in the amount of $_____ [3] as of June 3, 2026, plus pre-petition attorneys' fees, late charges, and costs of $_____, plus per diem interest through the Closing of $2,186.74871/day.

29.     All remaining Sale Proceeds after the Authorized Closing Disbursements shall be held by the Debtor in its debtor-in-possession bank account pending further Order of this Court.

30.     The Debtor shall file a copy of the settlement statement within two (2) business days of the Closing.

31.     To the extent BSB seeks payment of any post-petition attorneys' fees and collection costs from the Debtor, then within fourteen (14) days after the Closing, BSB shall file a request for allowance and payment for such amounts, and all parties shall have fourteen (14) days

---

[3] [*Note: Amounts to be supplemented in advance of Sale Hearing*.]

therefrom to file an objection to the reasonableness of BSB's request.  BSB shall cooperate with the Debtor, the U.S. Trustee, MutualOne Bank, and Saco & Biddeford Savings Institution regarding any reasonable requests for information regarding BSB's request for payment (subject to BSB's right to redact or withhold privileged or work-product protected information).  If any timely objection is filed regarding BSB's request, this Court shall set a hearing on the request or otherwise establish procedures for resolving such objection(s).

32.     The allocation in the PSA of the Purchase Price to the different categories of Property is not binding on the Debtor, MutualOne Bank, Saco & Biddeford Savings Institution, or any other party, and any disputes regarding such allocation shall be subject to the exclusive jurisdiction of this Court, including pursuant to procedures that may be established by separate Order.

### <u>Immediate Effectiveness of Order</u>

33.     This Sale Order is not stayed and shall be effective and enforceable immediately upon entry.  The Debtor and Purchaser are authorized to close the transactions in the PSA immediately upon entry of the Sale Order.

34.     Except as to claims authorized to be paid through the Authorized Closing Disbursement, this Sale Order shall be without prejudice to the rights of the Debtor to challenge the claims, liens, mortgages, and/or security interests asserted against the Property or any other asset of the Debtor or the estate.

Date: _____        _____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

13